Argued and submitted September 12,
affirmed as modified December 1, 1980

HAYWARD,
*Respondent,*

*v.*

NORTHWEST FARM BUREAU
INSURANCE COMPANY,
*Appellant.*

(No. 105,099, CA 16424)

619 P2d 1344

Douglas G. Ward, Salem, argued the cause for appellant.
On the brief was Paul E. Saucy, Salem.

Myron L. Enfield, Salem, argued the cause for respondent. With him on the brief was Enfield & McConville, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from the judgment entered in favor of plaintiff in this contract action brought to recover bonuses and commissions from the sale of insurance. Defendant contends there is no substantial evidence to support the findings of the trial court. We find that defendant is correct as to one element of damages and modify the judgment.

■      Defendant makes two assignments of error. As to the first, we find there is substantial evidence to support the finding of the court that commissions and bonuses were due plaintiff for the sale of fire, casualty and workers' compensation insurance as part of a contract between the parties and see no purpose in detailing those facts.

Defendant's second contention is that there was no substantial evidence to support the finding that plaintiff is entitled to commissions on the sale of life insurance from August 31, 1976 to December 10, 1976.

We view the evidence in the light most favorable to the plaintiff. *Hendrix v. McKee,* 281 Or 123, 575 P2d 134 (1978). The facts as they relate to the life insurance commissions are as follows: Plaintiff was general manager of defendant insurance company for about 14 years, beginning in 1962. In addition to the contract between the parties in which plaintiff received both salary and commissions on the sale of fire, casualty and workers' compensation insurance, plaintiff, as general manager of defendant, also received commissions on the sale of life insurance from Western Farm Bureau Life Insurance Company (Western). Western and defendant are somehow affiliated, but the relationship between the two companies does not appear in the record.

The basis for the payment of life insurance commissions was two documents each entitled "Memorandum of Understanding" signed by an agent of Western and by plaintiff as "State Manager of Oregon" and "State Manager of Washington." The memoranda provided for the payment of commissions to those in named management positions in the "State Casualty Company," apparently referring to defendant. The memoranda refer only to the positions

involved, they do not name individuals. Plaintiff's position was one of those named. The memoranda are each stated to be supplemental to the "State Service Agreement" and provide that if the State Service Agreement is cancelled the memoranda are also cancelled. The State Service Agreements are not, however, in the record. The memoranda also provide that they are to continue from year to year unless amended or terminated.

In March, 1976, defendant's Board of Directors voted to initiate a new contract with Western requiring that all commissions then paid directly to management personnel be paid to defendant. This was apparently because members of defendant's Board were concerned about the amount of life insurance commissions being paid to plaintiff and wanted to keep an account of those commissions. There was testimony that an agreement was reached with Western in July, 1976. Although that agreement is also not in the record, there was testimony that the agreement provided that the commissions were to be paid to defendant and then disbursed to the individuals involved.[1]

---

[1] Defendant made an objection based on the best evidence rule, but then apparently abandoned it. The following exchange took place:

"[Plaintiff's Counsel]: I thought that was what the witness was testifying to, Your Honor, but in general terms.

"THE COURT: Is there any other matter in issue raised by that agreement other than the facts that have already been conceded?

"[Plaintiff's Counsel]: I don't think so. I don't think so.

"THE COURT: Then I don't think you're entitled to it. It's irrelevant if it's a matter not in dispute.

"[By Plaintiff's Counsel to Witness]: I think they admit, if I understand correctly, Mr. Branch, that as of July 1, 1976, the premiums rather than—the commissions, I should say, rather than going directly to Mr. Hayward were to go to Northwest Farm Bureau Insurance Company and then to be paid out; is that correct?

"* * *

"A. Yes, that's correct.

"Q. And after that July 1, 1976, did you pay those premiums?

"A. Yes.

"Q. As they came in from Western Farm Bureau Life to Mr. Hayward?

"A. Yes.

"Q. On behalf of the defendant here?

"A. Yes, I did."

Plaintiff received no commissions directly from Western after June 30, 1976. He did receive commissions on life insurance through defendant in July and August.

In September, defendant's Board voted to halt all commissions and bonuses then being paid to plaintiff and to increase his salary. Tension between plaintiff and the Board increased and plaintiff was eventually discharged on December 10, 1976. He brought this action seeking to recover, among other things, life insurance commissions to the date of his discharge.

The case was tried to the court, which found that defendant was obligated to pay plaintiff certain bonuses and commissions along with salary. The court itemized the amounts owed plaintiff and gave credit for amounts which had already been paid. Plaintiff received a net judgment of $27,062. The amount of life insurance commissions included in that sum was $8,333.33.

■ Plaintiff's action against defendant was for breach of contract. We have found no evidence in this record to support a finding that defendant contracted to pay plaintiff commissions on the sale of life insurance. Plaintiff received the life insurance commissions from Western on the basis of the Memoranda of Understanding. He produced no evidence that he had a contractual agreement with defendant whereby defendant agreed to pay him commissions on life insurance sales. If there was a relationship between Western and defendant which would have made defendant responsible for the payment of life insurance commissions, plaintiff has not shown it. Therefore, the finding that defendant is obliged to pay plaintiff life insurance commissions is not supported by substantial evidence in the record. Because the commissions are itemized we simply deduct the $8,333.33 from the amount to which plaintiff is entitled. The judgment is modified to show the amount owing from defendant to plaintiff is $18,728.67 with interest as provided.

Affirmed as modified.